CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 8 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

STEPHANIE H. DUNAY, )
) Civil Action No. 5:05CV00080
Plaintiff, )
) **MEMORANDUM OPINION**
v. )
)
SCHERING-PLOUGH CORPORATION, ) By: Hon. Glen E. Conrad
SCHERING-PLOUGH CORPORATION ) United States District Judge
   SEVERANCE BENEFIT PLAN, )
VINCE SWEENEY, )
   Defendants. )

Stephanie H. Dunay brings this action against Schering-Plough Corporation, Schering-Plough Corporation Severance Benefit Plan, and Vince Sweeney. Jurisdiction of this court is premised on the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000(e) et seq. ("Title VII"), and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). The case was filed in this court on November 30, 2005. The case is currently before the court on the defendants' partial motion to dismiss and the plaintiff's motion for leave to amend her Complaint. For the following reasons, the court will grant the plaintiff's motion to amend Claims One and Three of her Complaint,[1] and deny the defendants' motion as moot.

### BACKGROUND

The plaintiff was an employee of Schering-Plough Corporation ("Schering-Plough") from February of 1998 until August 26, 2004. She was a participant in the Schering-Plough Corporation Severance Benefit Plan ("the Plan"), an employee welfare benefit plan under

---

[1] The plaintiff has also moved to correct the name of a party, changing "Schering-Plough Corporation" to "Schering Corporation." This change is not opposed by the defendants.

ERISA. Defendant Sweeney is the chairman of the Schering-Plough Employee Benefits Committee, the administrator of the Plan.

According to the plaintiff's Complaint, Dunay began working at Schering-Plough as a Pharmaceutical Sales Representative in February of 1998, and her initial annual salary was $29,300. (Compl. ¶ 6.) Between February of 1998 and August of 2004, Dunay received nine raises and a number of promotions and increases in responsibility. (Compl. ¶ 6.) By March 15, 2004, Dunay served as the District Manager, and she reported directly to Edward Jordan, the Regional Sales Director for Schering-Plough. (Compl. ¶ 6.)

The plaintiff claims that Jordan was biased against females in professional positions, and that he had expressed these feelings to the plaintiff. (Compl. ¶ 7.) In addition, Jordan had reduced the ranking given to Dunay by her previous supervisor, and had similarly reduced the evaluation rankings of other female employees. (Compl. ¶ 7.) Jordan also did not give Dunay any raise in connection with her promotion to the manager position. (Compl. ¶ 7.)

The plaintiff alleges that she and Jordan interviewed a female named Tawny Davis for a sales representative position, and Dunay was authorized by Jordan to offer the position to Davis. (Compl. ¶ 8.) When Davis took an employment-related blood test that revealed she was pregnant, Jordan told Dunay to stop processing an offer of employment. (Compl. ¶ 8.) When Dunay told Jordan she would not conceal the fact that the only reason not to employ Davis was her pregnancy, Jordan allowed Davis to be hired. (Compl. ¶ 8.)

On August 26, 2004, Jordan terminated Dunay's employment, citing misconduct in connection with an expense report. (Compl. ¶ 9.) Dunay also alleges that the company failed to pay her $30,000 in severance benefits under the Severance Benefits Plan. (Compl. ¶ 12.)

2

Dunay filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on September 2, 2005, and received a right to sue letter. (Compl. ¶ 15.) She alleges that Jordan terminated her because of her gender, her status as a young mother, and in retaliation for her refusal to cooperate with Jordan in withdrawing the offer of employment to Davis. (Compl. ¶ 14.)

## DISCUSSION

### I. Count One

The defendants allege that the plaintiff's claim of sex discrimination based on her failure to receive a raise is time-barred and must be dismissed. The plaintiff has agreed, and seeks to withdraw a claim for damages related to a denial of a raise that occurred over 300 days prior to her filing of the EEOC charge. Pursuant to the consent of the parties, Count One of the Complaint will be amended to withdraw the portions of that claim that refer to denial of a raise that occurred over 300 days prior to the filing of the EEOC claim.

### II. Count Three

The defendants also allege that Count Three of the Complaint must be dismissed because the statute cited cannot afford relief to the plaintiff. The plaintiff seeks to amend her claim to rely on 29 U.S.C. § 1132 (a)(1)(B).

A party may amend its pleading by leave of court, which shall be freely given. Fed. R. Civ. P. 15(a). Generally, absent delay or prejudice, bad faith, failure to cure, or futility, leave to amend should be permitted. See Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, the United States Court of Appeals for the Fourth Circuit has found that a lack of prejudice would generally result in the court granting leave to amend, and that delay alone is not sufficient justification to

3

deny leave to amend. Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987) (finding that an amendment that changed the plaintiff's theory of the case was not a sufficient reason for denial of leave to amend, "absent a showing of prejudice, bad faith, futility, or dilatoriness"). Even if a plaintiff has already amended a complaint, that fact cannot justify denying leave to amend, unless there is a showing of prejudice, bad faith, futility, or dilatoriness. Id.

In this case, there is no evidence that amendment to the plaintiff's Complaint would result in prejudice. First, there is no evidence that the plaintiff is acting in bad faith. Second, there is no evidence that the defendants would be prejudiced by the amendment. The deadline for dispositive motions in this case is December 22, 2006, and the trial is not set to begin until February 6, 2007. In addition, there is no evidence that amendment of Count Three would be futile, as 29 U.S.C. § 1132 (a)(1)(B) empowers an ERISA plan participant to bring a federal civil action to recover benefits under the plan. See 29 U.S.C. § 1132 (a)(1)(B); see also O'Bryhim v. Reliance Std. Life Ins. Co., 997 F. Supp. 728, 731 (E.D. Va. 1998) ("Section 1132 (a)(1)(B) of ERISA specifically empowers employee benefit plan participants and beneficiaries to bring a federal civil action to recover benefits or enforce rights under the plan."). The court will therefore grant the plaintiff's motion to amend her complaint, and will dismiss the defendants' motion to dismiss as moot.

## CONCLUSION

The plaintiff's motion for leave to amend Count Three of the Complaint will be granted, as there has been no showing of delay, prejudice, bad faith, failure to cure, or futility. Upon

4

agreement of the parties, the plaintiff's motion to amend Count One of the Complaint will be granted. The defendants' partial motion to dismiss will be denied as moot.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 28th day of July, 2006.

/s/ Jack Conrad
United States District Judge